J-A26022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                   :                PENNSYLVANIA
                                   :

              v.                         :
                                   :

DOUGLAS BITZER                   :
                                   :
           Appellant              :      No. 379 MDA 2017

Appeal from the Judgment of Sentence October 14, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001327-2016,
CP-40-CR-0001328-2016

BEFORE: BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 27, 2017**

Appellant, Douglas Bitzer, appeals from the judgment of sentence entered on October 14, 2016, following his guilty pleas to various charges filed against him by the Commonwealth in two, separate bills of criminal information. Upon review, we affirm.

The trial court set forth the facts and procedural history of this case as follows:

> This matter arises from two informations filed by the Luzerne County District Attorney against [Appellant]. Information number 1327 of 2016 charged [Appellant] with burglary, terroristic threats, simple assault, recklessly endangering another person, two counts of stalking, risking catastrophe,

disorderly conduct and persons not to possess a firearm.[1] Information number 1328 of 2016 charged [Appellant] with two counts of simple assault, recklessly endangering another person, terroristic threats and harassment.[2]

[Appellant] signed written plea agreements and entered guilty pleas to terroristic threats, stalking, simple assault and risking catastrophe on information 1327 of 2016. He also pled guilty to terroristic threats, recklessly endangering another person and simple assault on information 1328 of 2016.

Sentencing took place on October 14, 2016. On information 1327 of 2016, [Appellant] received a sentence of six to twelve months on the terroristic threats charge, six to twelve months consecutive on the simple assault charge, nine to eighteen months consecutive on the stalking charge and nine to eighteen months consecutive on the risking catastrophe charge. [Appellant] received [concurrent] three to six month [] sentences on the three counts charged in information 1328 of 2016. The sentences imposed on information 1328 of 2016 were to run concurrent with the sentences imposed on information number 1327 of 2106. [Appellant's] prior record score was four and he received credit for serving two hundred thirteen days of incarceration prior to sentencing. All sentence[s] were within the standard range of the sentencing guidelines.

On October 17, 2016, [Appellant] filed a [m]otion for [p]ost-[s]entence relief. In the motion[, Appellant] requested that his sentences [within each criminal information] be modified to run concurrently. He also requested that his guilty pleas be withdrawn if his sentences were not modified. [Appellant's] motion was denied by [o]rder dated February 1, 2017.

[Appellant] filed a timely [n]otice of [a]ppeal on February 27, 2017. An [o]rder was issued [by the trial court] on March 2, 2017, which required a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b) be

_____

[1] 18 Pa.C.S.A. §§ 3502, 2706, 2701, 2705, 2709.1, 3302, 5503, and 6105, respectively.

[2] 18 Pa.C.S.A. §§ 2701, 2705, 2706, and 2709, respectively.

filed by [Appellant] within twenty-one days. [Appellant] complied with this [o]rder by filing a concise statement on March 9, 2017 and amended concise statement on March 13, 2017. The concise statement and amended concise statement both requested modification of sentence or the withdrawal of [Appellant's] guilty pleas.

Trial Court Opinion, 4/19/2017, at 1-2. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 19, 2017.

On appeal, Appellant presents the following issues for our review:

1. Did the [Commonwealth] fulfill its affirmative duty to meet its obligations pursuant to the plea agreement?

2. [Were] the sentence[s] imposed materially premised upon the [trial court's] confusion as to the actual terms and conditions of the plea?

3. In the event the trial [c]ourt [was] not inclined to sentencing [Appellant] in accordance with the terms and conditions of the plea agreement, should [Appellant] be permitted to withdraw his plea?

Appellant's Brief at 3 (suggested answers omitted).

All of Appellant's issues are inter-related in that he seeks to withdraw his guilty plea because the trial court misapprehended the plea agreement and the Commonwealth failed to fulfill its obligation under it. Hence, we will examine the issues together. Appellant argues that "[a]t the time of sentencing, the [Commonwealth] expressly stated on the record that [there was] no objection to all counts on both [i]nformations running concurrently." *Id.* at 11. "However, at the time of sentencing, the [trial court] ran the sentences on the different counts of No. 1327 of 2016[,] consecutively." *Id.* Appellant claims that there were two different attorneys representing the

Commonwealth, one at the guilty plea hearing and another at the sentencing hearing. *Id.* He claims that the attorney representing the Commonwealth at sentencing denied that the other attorney representing the Commonwealth at the plea hearing did not object to all counts on both criminal informations running concurrently. *Id.* Appellant alleges that the trial court's confusion was apparent when it stated that it had no memory of an agreement to run all of the sentences for the separate criminal counts concurrently and instead stated that the agreement merely called for the aggregate sentences for the two cases to be run concurrently to each other. *Id.* at 13. Appellant avers that we should remand the matter to the trial court for resentencing consistent with his plea agreement. *Id.* at 14. In the alternative, Appellant requests that he be allowed to withdraw his plea. *Id.* at 14-15.

We adhere to the following standards:

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Likewise, [t]here is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

Although a defendant has no constitutional right to have an executory plea agreement specifically enforced, once a plea actually is entered, and was induced by a prosecutor's

promise to abstain from making a sentencing recommendation, that promise must be fulfilled. In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement.

Where the Commonwealth violates a term of the plea agreement, the defendant is entitled to receive the benefit of the bargain.

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1191 (Pa. Super. 2010) (internal citations omitted). Regarding withdrawal of a guilty plea, "[a] defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." *Commonwealth v. Baez*, 169 A.3d 35 (Pa. Super. 2017).

"In the interest of understanding the consequences of the plea bargaining process, there must be a clear distinction made between an 'open plea' and a 'negotiated plea.'" *Commonwealth v. Dalberto*, 648 A.2d 16, 19 (Pa. Super. 1994). "[A] strictly negotiated plea agreement" is one in which "the Commonwealth and the [defendant] had bargained for a **specific sentence**." *Id.* (emphasis in original). Whereas,

[i]n an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the

prosecution's right to seek the maximum sentences applicable to those charges.

*Id.* at 20 (internal citations omitted). Where a "plea agreement [does] not include a specific term of imprisonment, [but] place[s] limitations on [the] sentence, *i.e.* [] to run [sentences] consecutively[,] we treat [such a] case as an 'open' plea[.]" *Id.* at 21.

Moreover, this Court's *en banc* decision in **Commonwealth v. McClendon**, 589 A.2d 706 (Pa. Super. 1991) (*en banc*) is instructive herein. In **McClendon**, we determined that the defendant was not entitled to withdraw his guilty pleas to two armed robbery charges, after the trial court imposed consecutive sentences. In that case, McClendon signed a written guilty plea agreement, which the Commonwealth confirmed in open court, that the Commonwealth would have no objection to the imposition of concurrent sentences. *See McClendon*, 589 A.2d at 711. We determined that when "the terms of the plea agreement specifically make a recommended sentence nonbinding on the court, there can be no violation of the plea agreement when the court chooses not to follow the recommendation. In such cases the defendant has received nothing less than [what] he bargained for." *McClendon*, 589 A.2d at 710. This Court ultimately concluded:

> Pursuant to the express terms of [McClendon's] plea agreement, therefore, the Commonwealth was obligated to do nothing more than to inform the sentencing court that it had no objection to concurrent sentences. It was not required affirmatively to request or recommend that concurrent sentences be imposed.

The agreement provided further in clear, explicit and unambiguous terms that the sentencing court was not required to accept any sentencing recommendation by the Commonwealth. During the guilty plea colloquy [McClendon] was specifically informed that the sentencing judge was free to impose consecutive sentences, with each being up to the statutory maximum. [McClendon] acknowledged that he fully understood the terms of the plea agreement and that he was willing to be bound thereby. The Commonwealth complied with the terms of the plea agreement which it made with [McClendon], and he is not entitled to withdraw his guilty plea merely because he was disappointed by the sentence imposed by the court.

*Id.*

Upon review in the case *sub judice*, we discern that the Commonwealth and the trial court abided by the terms of the plea agreement with Appellant and, therefore, there was no manifest necessity to permit withdrawal of Appellant's guilty plea. The Commonwealth issued written plea agreements at both docket numbers, 1327 of 2016 and 1328 of 2106. Those agreements stated that "[u]nless otherwise stated herein, [the] parties have not made any agreement on sentencing." Pursuant to paragraph five of both agreements, under the heading of additional terms and conditions, the Commonwealth "agrees to run cases concurrent to one another." Each agreement then references the case at the other docket number. Moreover, the written agreements set forth the maximum penalties for each of the charged crimes. Appellant, an attorney for the Commonwealth, and defense counsel signed each written guilty plea agreement. By their plain terms, the plea agreements executed by the

parties provided only that the aggregate sentences imposed at each information should run concurrent to each other but there was no agreement concerning the sentences imposed for each offense within a particular information.

At the guilty plea hearing, the Commonwealth stated the terms of the written plea agreements on the record. *See* N.T., 8/26/2016, at 2-3. In each instance, "the Commonwealth agree[d] to run [each] **case** concurrent with [Appellant's] other **case**[.]" *Id.* at 2-3 (emphasis added). Defense counsel then interjected that it was his "understanding" that the Commonwealth "ha[d] no objections to all **counts** running concurrent[.]" *Id.* at 3 (emphasis added). The Commonwealth agreed, the trial court inquired if the Commonwealth's lack of objection applied to both **cases**, and the Commonwealth confirmed as such. *Id.* at 4 (emphasis added). The trial court then asked Appellant if he understood the terms of the plea agreement. *Id.* at 5. Before accepting the plea, the trial court also stated that it was not bound by the agreement as it pertained to sentencing and it could "run the counts consecutive." *Id.* at 6. Appellant agreed that he understood. *Id.* The trial court then accepted Appellant's guilty pleas. *Id.* at 9.

After the trial court sentenced Appellant to consecutive sentences on docket number 1327 of 2016, counsel for Appellant stated, "although **it was not part of the written plea agreement**, at the time of [Appellant's plea]

the [Commonwealth] agreed on the record that **they would be okay** with concurrent sentence[s] on all things, including the – all the counts of 1327." N.T., 10/14/2016, at 5 (emphasis added). The Commonwealth stated that "the only agreement was that the cases would run concurrent to each other." *Id.* at 6. The trial court replied, "That's what I've done. I've honored the [terms] in the plea agreement." *Id.* at 6.

Initially, we conclude that the parties entered into a hybrid plea agreement. The parties specifically negotiated that the trial court would impose the aggregate sentences at 1327 of 2016 with the aggregate sentences at 1328 of 2106, concurrently to each other. The trial court complied with these provisions of the agreements.

Moreover, similar to our decision in *McClendon*, here, the Commonwealth stated on the record that it would not object to the imposition of concurrent sentences on each count within the two, separate informations. However, there was no express agreement that compelled the trial court to impose concurrent sentences on all of the counts contained in a single case. Appellant acknowledged at sentencing that the written plea agreement did not specify that he was to receive concurrent terms of imprisonment on all of his criminal counts. As in *McClendon*, the Commonwealth's position that it would not object to the imposition of concurrent sentences was not binding on the trial court. Thus, it was within the trial court's discretion to impose consecutive sentences on the individual

counts of a single criminal information.[3]  Hence, we conclude that Appellant received the benefit of his bargain.  Accordingly, there is no manifest necessity to allow the post-sentence withdraw of Appellant's guilty plea.  Thus, Appellant's issues lack merit.

---

[3]  We note that Appellant challenged the discretionary aspects of his consecutive sentences before the trial court.  However, he did not raise that issue in his concise Rule 1925(b) statement or develop such a claim in his brief.  As such, we deem this issue waived.  **See Commonwealth v. Oliver**, 128 A.3d 1275, 1279 (Pa. Super. 2015) ("Any issues not raised in a 1925(b) statement will be deemed waived."); **see also Commonwealth v. Ellis**, 700 A.2d 948, 957 (Pa. Super. 1997) (waiver results if an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief).  Regardless, "it is well-settled that the right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Barnes**, 167 A.3d 110, 122 (Pa. Super.  2017) (citation omitted).  "Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal." **Id.**  In challenging the discretionary aspects of sentencing, an appellant must invoke this Court's jurisdiction by satisfying a four-part test, including "whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." **Id.** (citation omitted).  "[A] defendant may raise  a substantial question where  he receives consecutive sentences within  the  guideline ranges if the  case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." **Commonwealth v. Swope**, 123 A.3d 333, 338–339 (Pa. Super. 2015), citing **Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013).  Were we to address such a claim, we would not find a substantial question in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2017